THE GERMAN FIRE INSURANCE COMPANY v. BULLENE, MOORE, EMERY & CO. et al.

1. ACTION, *When Deemed Begun.*  Where certain defendants seek to enforce their demands against a codefendant, as to such demands the action will be deemed commenced as of the time when their answers setting up such demands are filed.

2. CASES, *Followed.*  The cases of *McElroy v. Insurance Co.*, 48 Kas. 200, and *Insurance Co. v. Stoffels*, 48 id. 205, followed.

3. CAUSE OF ACTION, *When not to be Split up.*  A creditor having a single cause of action for a sum of money cannot by assignment split up such cause of action, and thereby subject the debtor to a number of suits based on such assignment.

*Error from Norton District Court.*

ON November 29, 1887, *Bullene, Moore, Emery & Co.* commenced this action against the *German Fire Insurance Company* and A. C. Lappin, as defendants, to recover $910, with interest, which they claimed as assignees of a policy of insurance issued by the insurance company to the defendant A. C. Lappin.  A policy for $2,000 on a stock of goods in Lenora, Norton county, Kansas, was issued by the defendant company to Mrs. A. C. Lappin, on the 2d day of December, 1886. Most of the property insured was destroyed by fire on the 31st day of May, 1887.  The petition alleges that, on May 31, 1887, Mrs. Lappin was indebted to plaintiffs in the

sum of $910, for goods sold and delivered to her, and that, to pay said indebtedness, she, with the written consent of said insurance company, orally assigned her right in said policy, to the amount of $910, to plaintiffs. On the insurance policy appears the following indorsement:

"The following entry this day made on policy No. 119 of the German Fire Insurance Company, of Peoria, Ill., at Lenora, Kas., agency, and has been copied in register, viz.: It is hereby agreed, that after adjustment of loss the insurance shall be paid to the following creditors: Exchange Bank, Lenora, first preferred creditors, $300; Bullene, Moore, Emery & Co., second preferred, $910; Pratt & Kelly, third preferred, $333; Turner & Jay, $277; Barton Bros., $180; subject, however, to all of the terms and conditions of this policy. Dated this 31st day of May, 1887.—J. E. Crum, Agent."

On the day when this suit was commenced, separate suits were also instituted by two of the other parties named in this indorsement, in the same court, and another like suit was commenced by another party on the next day, making four separate suits in the same court, on the same policy of insurance, pending at the same time. A demurrer was filed to the petition, and sustained by the court. On May 10, 1888, an amended petition was filed, making Barton Bros., Turner & Jay, the Exchange Bank of Lenora and Pratt & Kelly also defendants, and asking that the respective interests of all parties in the policy be determined. Thereupon, on August 6, 1888, Barton Bros., Turner & Jay and the Exchange Bank of Lenora each filed a cross petition, alleging substantially the same facts as were stated in the amended petition, and asking judgment for the respective sums stated in the indorsement on the policy. The policy required proofs of loss to be made within 30 days, and also contained this provision:

"It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within six months next after the loss for which such suit or action is brought shall occur; and,

should any suit or action be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim so attempted to be enforced, and a complete bar thereto, any statute of limitation to the contrary notwithstanding."

When this case was called for trial, a colloquy took place between the court and counsel, a part of which is stated in the record, as follows:

"*Ware:* In the cases which now have issues made up in them, viz.: Bullene, Moore, Emery & Co. *v.* German Fire Insurance Company, and William F. Dolan *v.* State Insurance Company, the pendency of these four suits is pleaded. For that reason it is necessary for us to know whether these latter cases are in court or out of court.

"*Court:* The answer of the insurance company in the two former cases sets up the pendency of these four other actions in bar.

"*Ware:* Yes, sir.

"*Court:* I dismiss them, on motion of the court, without prejudice, and give the plaintiff an exception.

"*Ware:* Your honor, we are entitled to judgment on the sustaining of our demurrer. We move for judgment, not dismissal. We don't want them dismissed; we want judgment on our demurrer.

"*Court:* Go on with this case.

"*Ware:* The German Fire Insurance Company excepts.

"*Jones:* The plaintiff excepts."

The case was tried by the court, and judgments rendered as follows:

In favor of Bullene, Moore, Emery & Co............... $1,037 40
In favor of Barton Bros................................... 205 20
In favor of Exchange Bank............................... 372 00
In favor of Turner & Jay.................................. 315 78

Total....................................................... $1,930 38

The defendant company brings the case to this court.

*E. F. Ware*, for plaintiff in error:

1. The first time that the Exchange Bank of Lenora, Barton Bros. and Turner & Jay appear in this case before the

court is August 6, 1888, 14 months after the fire. They did have other suits for the same matter, but those suits were defeated. The six months of limitation in the policy absolutely bars them. No suit has been instituted within the time. The cross petitions that were filed by them were the beginnings of their actions, and are now the foundations of their judgments. Hence the demurrer and motion for judgment on the pleadings should have been sustained. *McElroy v. Insurance Co.*, 48 Kas. 200; *Insurance Co. v. Stoffels*, 48 id. 205.

2. The answer as a defense sets up the execution of a third policy a few days before the fire. This was not denied under oath; hence stands admitted by the pleadings. By the terms of the policy sued on, such additional and concurrent insurance must have been consented to and indorsed upon the policy. The amended petition shows by its exhibits that no such consent or indorsement existed, nor does the amended petition claim that they did exist. They come in with an unverified general denial in reply. Such a reply is simply a confession. In addition to all this, the said allegation concerning other insurance was true, and proven to be true, and there was no plea in confession or avoidance, nor anything pleaded as a waiver. Hence the insurance company was entitled to a judgment on the pleadings against all parties, both plaintiff and defendant, because the facts as pleaded constituted an absolute defense to the action. *Allen v. Insurance Co.*, 31 Am. Rep. 243; *Continental Ins. Co. v. Hulman*, 34 id. 122; *Landers v. Insurance Co.*, 40 id. 554; *Somerfield v. Insurance Co.*, 41 id. 662; *Sentelle v. Insurance Co.*, 16 Hun, 516.

3. The answer of the insurance company set up and alleged the nature of the business relationship between Lappin and his wife. It alleged the agency of Mrs. Lappin and the scope and character thereof. The agency was set forth as full and specific as the pleader was able to express it, and it was not denied under oath. That left it admitted in the pleadings. With that agency standing admitted as alleged, then, according to the requirements of the policy, the con-

tract of insurance was void. It was also void for the further reason that a wife as such has in Kansas no more of an insurable interest in her husband's property than he has in her property; that is, neither has such insurable interest. *Pelican v. Smith*, 9 S. Rep. 327; *Insurance Co. v. Montague*, 31 Am. Rep. 326; *Trott v. Woodrich*, 22 Atl. Rep. 245.

4. When an insurance policy shows that all other insurance taken out upon the property, whether valid or invalid, shall share in the loss, and when from the pleadings it is shown that the plaintiff is not the entire owner of the policy, then the pleader in his petition must set forth whether or not there are other insurance policies resting on the property, because the defendant is only obliged to pay his proportion of the loss as compared with the total insurance, and unless the petition sets forth the total insurance and all of the other policies, and shows that the plaintiff is entitled to it all, he cannot maintain the action.

In the case at bar, the other policies of insurance were not set forth, but the plaintiffs proceeded to recover the individual sum due them from this one defendant company, without reference to what the other defendant companies should pay. For that reason, among several others, the petition did not state facts sufficient. *Fire Ins. Co. v. Felrath*, 54 Am. Rep. 58; *Coats v. Ins. Co.*, 30 Pac. Rep. 404.

5. Any person has a right to sue for less than his whole claim, but a judgment on such part is a judgment on the whole; but no person has a right to split his claim up into two or more fragments and bring separate and simultaneous suits.

In the case at bar, neither of the four creditors makes any allegations or asks any relief against the others, but each comes in and generously admits all the allegations that the others make against the insurance company. For the reason that actions cannot be split up in such a way, and further, that suits cannot be projected and carried on in such a way, the action should have been dismissed as a whole, leaving the parties to start over again. See *Thatch v. Metropole Ins. Co.*,

11 Ins. L. J. 199; *Ætna Ins. Co. v. Railroad Co.*, 3 Dill. 1; *Hartford Ins. Co. v. Davenport*, 37 Mich. 609; *Stearns v. Insurance Co.*, 124 Mass. 64; *Whitaker v. Hawley*, 30 Kas. 326; *Mandeville v. Welch*, 5 Wheat. 277.

6. As to the so-called assignment of the policy: By the terms of the policy, no assignment could take place. This clause is almost universal in policies. The so-called assignment took place the same day as the fire, but later. Courts have always held that contracts of insurance were personal. It is the cardinal principle of insurance that the obligation runs only to the person designated. It is the individual who is insured, and not the property. Policies of insurance are not transferable like bills of lading. The consent of the insurance company must be given to any transfer. See *Nickerson v. Nickerson*, 12 Atl. Rep. (Me.) 880; *Vette v. Insurance Co.*, 30 Fed. Rep. 668; *Western Ins. Co. v. Helfenstein*, 40 Pa. St. 290; *Alkan v. Insurance Co.*, 53· Wis. 136; *McCubbin v. City of Atchison*, 12 Kas. 171; *Insurance Co. v. Johnson*, 47 id. 1; *Insurance Co. v. Thorpe*, 48 id. 239; *Insurance Co. v. Vanlue*, 26 N. E. Rep. 119: *O'Brien v. Insurance Co.*, 31 id. (N. Y.) 265; *Aultman v. McConnell*, 34 Fed. Rep. 724.

7. As to defect of parties plaintiff and defendant: The mere putting of a person's name in the list of defendants at the head of a petition is not the making of that party a defendant, unless some attempt is shown of getting the party into court and into the jurisdiction. Otherwise, the person is not a party to the suit any more than if the name had been omitted from the caption.

*Cook & Reed*, for defendants in error Bullene, Moore, Emery & Co.:

Bullene, Moore, Emery & Co. are not concerned with the first point made by opposing counsel. The property insured was burned May 30, 1887; Bullene, Moore, Emery & Co. began their suit November 29, 1887, within the six months required by the cast-iron limitations of the policy.

The other points of plaintiff's brief, viz., second, third,

fourth, fifth, sixth, and seventh, are all answered by four words found in the record: "It is hereby agreed." Those four words are quoted from the indorsement made in writing upon the policy sued on, duly signed by the agent of the insurance company. That indorsement is the real foundation of this action. That little indorsement is a valid and voluntary obligation. It specifies that the insurance company agrees to make payment to the parties therein named and in the order therein specified. It was a novation of parties by agreement. By it, Mrs. A. C. Lappin steps entirely out of consideration; the pleadings allege and the proofs show that the transfer of the policy was taken in payment of Mrs. Lappin's debts; her creditors now look to the insurance company and the insurance company agrees to respond to the creditors. Even if there had been "other insurance," even if Mrs. Lappin had been but the "agent" of her husband, and he the owner of the property; even if the actions are "split," if there had been an "assignment" of the policy, all these would have been, and if they ever existed are, cured by that agreement.

The insisting on proofs of loss and the supervising of them by the general agent of the insurance company, and his never intimating a forfeiture, is of itself a waiver of any and all breaches or grounds of forfeiture theretofore existing. *German Ins. Co. v. Grunert*, 112 Ill. 68; *Cannon v. Home Ins. Co.*, 53 Wis. 585, 593, 594; *Titus v. Insurance Co.*, 81 N. Y. 410, and cases cited; *Canada L. C. Co. v. Canada Ag. Ins. Co.*, 17 Grant's Ch. 418–423; *Pa. Fire Ins. Co. v. Kittle*, 39 Mich. 51–54; *Appleton v. Insurance Co.*, 46 Wis. 23–33; *Hollis v. State Ins. Co.*, 65 Iowa, 454; *Marthinson v. N. B. & Mer. Ins. Co.*, 31 N. W. Rep. 291; *Gans v. St. P. F. & M. Ins. Co.*, 43 Wis. 108.

Taking part in an attempt to adjust a loss and making proofs thereof, without objecting to the fact of other insurance, is a waiver. *Collins v. Farmville Ins. Co.*, 79 N. C. 279; *Pa. Fire Ins. Co. v. Kittle*, 39 Mich. 51–54; *McCabe v. Dutchess Co. Ins. Co.*, 14 Hun, 599; *Cannon v. Home Ins. Co.*, 53 Wis. 585.

Had there been but a simple oral transfer of this policy, it would have been valid. *Boeka v. Nuella*, 28 Mo. 180; *St. John v. Insurance Co.*, 13 N. Y. 31–39; *Chapman v. McIlwrath*, 77 Mo. 38.

There was no defect or lack or absence of necessary parties in this case, as it appears to us. It seems to us clear that Bullene, Moore, Emery & Co. alone had an absolute right to sue the insurance company on the policy, and this because of the agreement of novation previously discussed. If they had the right to sue alone, no complaint can be uttered by the insurance company because Bullene, Moore, Emery & Co. have not joined herein various outsiders.

*C. D. Jones* and *L. H. Thompson*, for defendants in error:

We claim that permission to take out other insurance is granted by the terms of the "three-fourths" clause attached as provided in the body of the policy.

Plaintiff in error has waived any right it may have had under claim of other insurance by actually making proof of loss complete on its own form of blank, and attempting to adjust the loss without objecting to, or intimating a forfeiture by the fact of, other insurance. *Collins v. Farmville Ins. Co.*, 79 N. C. 279; *Cannon v. Home Ins. Co.*, 53 Wis. 586, 594; *Pa. Fire Ins. Co. v. Kittle*, 39 Mich. 51–54; *McCabe v. Dutchess Co. Ins. Co.*, 14 Hun, 599; *Titus v. Insurance Co.*, 81 N. Y. 410.

Recovery on a policy cannot be defeated on the ground that there was additional insurance, when the same was effected with the knowledge of the company's agent. Notice to agent is notice to principal. *Cobb v. Ins. Co. of N. A.*, 11 Kas. 94; *Vicle v. Germania Ins. Co.*, 26 Iowa, 9; *Walsh v. Ætna Ins. Co.*, 30 id. 133; *Ins. Co. of N. A. v. McDowell*, 50 Ill. 120; *Daniels v. Wilson*, 27 Wis. 493; *Patten v. Mut. Fire Ins. Co.*, 40 N. H. 375. See, also, *Greenfield v. Mass. Mut. Life Ins. Co.*, 47 N. Y. 430; *Allen v. Fire Ins. Co.*, 12 Vt. 366.

"No particular form is necessary to constitute an assignment. Any writing that directs the payment of a certain

sum to holder operates as an assignment, and to that extent as an order upon the insurers." 2 Wood, Fire Ins., § 364; *Hall v. Dorchester Mut. Ins. Co.*, 111 Mass. 53; *Norwood v. Guerdon*, 60 Ill. 253.

It has been held that the failure on part of the insurer to object to the unseasonableness of proof of loss after the forfeiture has attached is a waiver. *Hibernia Ins. Co. v. O'Conner*, 29 Mich. 241.

In this case, with the knowledge and consent of the company, Mrs. Lappin transferred her interest in the policy to certain different creditors of her own, specifying the exact interest going to each one, and a certain order in which they were to be paid. The relief sought by defendants in error is several. Here is an agreement, superintended and written by recording agent of company, to split up actions on this policy. The right to do this by contract cannot be questioned; this doctrine is surely established. *Paris v. Hightower*, 76 Ga. 631; *Beck v. Denerveaux*, 9 Neb. 109.

*E. F. Ware*, for plaintiff in error in reply:

Regarding the so-called assignment, or "novation:" Counsel seek to correct every defect in the case by an act of the agent, done without authority, never reported, never approved, and for which no authority to act was proved on the trial. The agent, in attempting to exercise an authority which he did not have, put in, at the end of the writing, a clause that knocked out of it all that is claimed. It was this: "Subject to all the terms and conditions of the policy." That was enough. The policy, by its very terms herein quoted, gave the agent no such power. The agent had no such power. No such power was proved. He never reported the act to the company; so that the company never ratified it. The company never received any consideration for the act, and never released Bullene, Moore, Emery & Co. from any duties under the policy. After the fire no agent has a right to waive anything that would affect the loss or the company's liability thereon, unless he be an agent who would have the right to adjust or

pay the loss. *Knudson v. Insurance Co.*, 43 N. W. Rep. 954; *Hankins v. Insurance Co.*, 35 id. 34; *Barre v. Insurance Co.*, 41 id. 373; *Cleaver v. Insurance Co.*, 39 id. 571; *Smith v. Insurance Co.*, 15 Atl. Rep. 353.

There is no "novation" in this case. The use of the term is incorrect.

A local agent, in a case like this, has no power to waive conditions of the policy. See Ostrander, Fire Ins., p. 94, and cases cited.

The opinion of the court was delivered by

ALLEN, J.: The first question presented is, whether the claims of the Exchange Bank of Lenora, Barton Bros. and Turner & Jay are barred by the limitation in the policy providing that any suit brought on it must be commenced within six months after loss. It will be observed that the parties named were not made parties to the action by the plaintiff until May 10, 1888, when the amended petition was filed, and they did not answer until the 6th of August, 1888. Their first attempt to enforce their demands 1. Action, when against the insurance company by means of this deemed begun. action was at the date of filing their answers and cross petitions herein. (*Toby v. Allen*, 3 Kas. 399.) More than a year had then expired after the date of the fire. Provisions substantially like the one contained in this policy, restricting the right to commence an action thereon to a short period after loss, have been sustained by this 2. Cases, followed. court. (*McElroy v. Insurance Co.*, 48 Kas. 200; *Insurance Co. v. Stoffels*, 48 id. 205.) Within these authorities, the cross demands of these defendants were barred by the provisions of the policy. This leaves us, then, with the plaintiff's claim alone to consider. It is contended that the policy was avoided by the taking out of other insurance, in violation of the terms of the policy. The body of the policy contains the usual provision against other insurance without the consent of the company, but attached to the policy there was what is termed a three-fourths-value clause,

which appears to be attached only to certain classes of policies, and contains this provision:

"It is part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that, in event of loss, this company shall not be liable for an amount greater than three-fourths of the actual value of the property covered by this policy at the time of such loss; and, in case of other insurance, whether policies are concurrent or not, then for only its *pro rata* proportion of such three-fourths value. Total insurance permitted is hereby limited to only three-fourths of the cash value of the property hereby covered, and to be concurrent herewith."

We think this a consent that other insurance, not exceeding in all three-fourths of the cash value of the property, might be taken out, and, within the finding of the court, the total insurance appears not to have exceeded that sum.

The next question we are called on to consider is, whether a cause of action can be split up and separate actions thereon maintained, as attempted to be done in this instance. It appears that the defendant company was subjected to four separate suits by different plaintiffs, each seeking to recover a portion of the policy. As originally instituted, this, and each of the other actions, were suits at law on the policy to recover separate sums. In this action, however, after a demurrer to the original petition had been sustained, the plaintiffs, by amendment, sought to convert their case into an equitable action, in which the rights of all of the parties to the fund might be determined, and, so far as the record discloses, the other suits were at the time this case was tried still pending. The statement made by the judge at the opening of the trial, that he dismissed the other three cases on his own motion, where such action was excepted to, not only by the insurance company but by each of the other defendants, cannot be treated as an order of dismissal. The court was not then hearing those cases, and a mere declaration from the bench, of the kind contained in the record, would not preclude the district judge when those cases were reached in their order from reconsidering that statement, and from holding the cases

for trial. The orders of courts disposing of cases must be proven by entries on the journal, and not by oral declarations, such as are contained in this record; and, in the absence of any statement or admission that the cases were formally dismissed, we must presume that they were still pending.

It is a very general rule that a creditor cannot, by assignment or in any other manner, split up his cause of action, and thereby subject the debtor to a multiplicity of suits, or conflicting demands upon him. (*Mandeville v. Welch*, 5 Wheat. 277; *Insurance Co. v. Davenport*, 37 Mich. 609; *Insurance Co. v. Felrath*, 77 Ala. 194; *Thatch v. Metropole Ins. Co.*, 11 Fed. Rep. 29; *Stearns v. Insurance Co.*, 124 Mass. 64; *Whitaker v. Hawley*, 30 Kas. 326.) If we could say from the record brought here that this case alone was pending against the insurance company, and that all of the parties in any manner interested in the policy were before the court, so that the rights of each and all of them could be fully determined, it might be that the plaintiff's judgment could be upheld. It appears that no service has ever been obtained on Mrs. Lappin, and her right to the balance of the policy could not therefore be determined in this case. Pratt & Kelly disclaim any interest in the policy. In view of the fact that three other cases commenced by the defendants in precisely the same manner that this case was commenced were still pending in the Norton county district court at the time this case was tried, it would seem that similar amendments might have been made in each one of those three cases, and if the plaintiffs were made defendants in one of those cases, and an answer made setting up their claims in one of those actions, within the rule above declared, their cause of action when presented by such answer would be barred by the limitation contained in the policy. Of course, each of these parties would seek to enforce its respective demands, and, as each would be barred in any other action than the one originally commenced by it, would be likely to insist on pursuing their respective remedies. As to three of these cases

*3. Cause of action, when not to be split up.*

there is nothing in the record to indicate which has priority in point of time of commencement. It may be, also, that where each sues on his own account, without making the others parties, that, inasmuch as their petitions are defective, no advantage could be gained by priority in time of commencement. We cannot in this action hold that the claims of the Exchange Bank, Barton Bros., and Turner & Jay, in the actions commenced by them, are barred, with any greater force of reasoning than that the plaintiffs' action in this case is barred, and we must hold, within the authorities cited, that the insurance company cannot be subjected to four separate suits by a splitting up of the cause of action against it, as was attempted to be done in this instance.

Counsel for defendants in error lay much stress on the point that the assignment of the policy of insurance was signed by Crum, local agent of the insurance company at Lenora, and claim that the assignment was an agreement binding the company to pay the several sums therein mentioned to the assignees. It may be conceded that Crum, for the purpose of issuing policies of insurance, and of matters connected therewith, was the general agent of the insurance company, but the record wholly fails to show that adjustment or payment of losses was within the line of his duties. While an insurance company might, of course, intrust the adjustment and payment of a loss to the same agent who issued the policy, that is not the usual mode of transacting insurance business. The settlement of losses is usually intrusted to a different class of agents, commonly styled adjusters, and in this case the company was represented by its general agent and adjuster, Robinson, who examined into the facts connected with the loss and took the proofs. In the absence of any evidence tending to show, either that Crum had express authority to consent to this assignment, or that he had some general authority with reference to the liabilities of the company after losses had occurred, we cannot presume that he had power to bind the company by consenting to this assignment.

Various other matters are discussed in the briefs, but we deem it unnecessary to specially mention them.

The judgment is reversed.

All the Justices concurring.