No. 26,197.

S. L. HURLBUT, *Appellant,* v. BUTTE-KANSAS COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Payment of Rent—Waiver—Consideration.* There is no rule of law which prevents a lessor of real property from waiving the payments of rent by a tenant in consideration of valuable lasting improvements previously made by the tenant upon the leased premises.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed February 6, 1926. Affirmed.

*Charles Stephens* and *Frank E. Dresia,* both of Columbus, for the appellant.

*Al F. Williams, Don H. Elleman,* both of Columbus, *George J. Grayston* and *Charles M. Grayston,* both of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for rent. It was tried to the court. Judgment was rendered for defendant, and plaintiff has appealed.

Plaintiff owned forty acres of land upon which he executed a mining lease, which was assigned by the lessee to defendant, who operated a mine upon the land. On this was a four-acre tract upon which was situated a house, barn and other farm improvements. Defendant desired the use of this four-acre tract and the improvements thereon as a residence for its mine superintendent in order for him to live near the mine and more advantageously conduct the work, but the premises needed substantial repairs to make it suitable for that purpose. An agreement was made between plaintiff and a representative of defendant by which defendant was to repair the premises, at a cost of about $1,000, and have the use of it rent free for a year and thereafter to pay rent at the rate of $40 per month. This was perhaps in June, 1918. Defendant repaired the premises and made improvements thereon at a cost of more than $3,000; its foreman occupied the premises; the mines were worked industriously, and plaintiff received large royalties therefrom. Plaintiff said nothing about rent on the four-acre tract until July 13, 1920, when he wrote defendant as follows:

"In my correspondence with your company—rent became due July 1, 1919— I have at various times extended the time on the residence to July 1, 1920; this makes a two-year period of free rent instead of one. Since July 1, 1920,

Appeal and Error, 4 C. J. p. 879 n. 89. Landlord and Tenant, 36 C. J. p. 295 n. 55. Waiver, 40 Cyc. pp. 253 n. 50, 264 n. 26, 270 n. 50.

and on the first of each month thereafter you will make a charge against your company and send their check for $40 to cover rental on the 4-acre surface."

Upon receipt of this letter defendant's manager sent for plaintiff, advised him that he had spent more than $3,000 in improvements upon his premises, most of which were of a permanent character, and asked him, in view of these expenditures and in view of the fact that they were operating the mines upon his land to his advantage, that he waive the rent upon the four-acre tract, and the testimony on behalf of defendant tended to show that plaintiff consented to do so. The judgment of the court in favor of defendant is based upon this waiver of rent made by plaintiff. Plaintiff made no further claim for rent until this action was brought in April, 1924, though he was repeatedly with the representatives of defendant and transacted business with them during that time.

Appellants argue that the evidence does not support the judgment of the court upon this question. It is true that plaintiff and defendant's manager did not agree as to the details of that conversation. But, the question of whether there was a waiver is a question of fact, or a mixed question of law and fact (40 Cyc. 270), and the trial court's conclusion thereon, based upon competent evidence, will not be disturbed.

Appellant argues that even if an agreement was made in July, 1920, for waiver of rent on the four-acre tract for an indefinite time for the reason stated, such agreement was not binding for a lack of consideration. This is really the only law question in the case. Treating this as a waiver of rent, a consideration is not necessary in all cases to support a waiver, it being a mere voluntary relinquishment of a known right. (40 Cyc. 263; *Stewart v. Leonard*, 103 Me. 128; *Clark v. Dye*, 158 Minn. 217; *Alsens A. P. C. Works v. Degnon Cont. Co.*, 222 N. Y. 34; *Rich'd L. Mfg. Co. v. Fawcett*, 130 Va. 484; *Schwab Safe & Lock Co. v. Snow*, 47 Utah, 199; *Propst v. William Hanley Co.*, 94 Ore. 397; *Hawkins v. Smith*, 35 Idaho, 349.)

Even if a consideration were required, there is nothing in the law to prevent the plaintiff from regarding permanent improvements previously made greatly in excess of the sum originally contemplated as being a sufficient consideration for a waiver of the payment of rents. (*Brick Co. v. Oil Co.*, 79 Kan. 603, 100 Pac. 631.) Plaintiff's letter of July 13, 1920, discloses that he recognized a rea-

son existed for waiver of rents for one year longer than originally contemplated, and no reason suggests itself why, when plaintiff learned from his talk with defendant's manager a few days after writing this letter that the improvements had in fact cost more than $3,000, he could not further waive the payment of rents in consideration of such improvements, for such time as he chose to do so. The fact that he made no further claim for rents until this action was brought indicates that he waived it up to that time. And this was the judgment of the trial court.

There is no error in the case and the judgment of the court below is affirmed.