No. 35,116

Arnold C. Todd, *Appellee*, v. The Central Petroleum Company, Inc., *Appellant* (Nathan Appleman and A. J. Lewis, *Defendants*).

(112 P. 2d 80)

Opinion filed April 12, 1941.

*Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook, Sidney J. Brick* and *Lawrence E. Curfman*, all of Wichita, for the appellant.

*Austin M. Cowan* and *Kurt Riesen*, both of Wichita, for the appellee.

The opinion of the court was delivered by

Allen, J.: The plaintiff, an attorney, brought this action to recover fees for professional services. Plaintiff recovered judgment. Defendant appeals.

On June 29, 1939, two actions were filed against the defendant. In the district court the present action carried the number 103,897. It will be referred to as the "first case."

In the petition in the first case plaintiff alleged that on or about June 12, 1935, he was employed by defendant to represent defendant in certain litigation concerning an oil and gas lease. The petition sets forth the nature of the litigation, the services performed by plaintiff, the value of the property involved, and that plaintiff continued to represent defendant under the contract of employment until July 1, 1937, and that defendant had failed and refused to pay plaintiff for the services rendered. Plaintiff prayer for judgment for

$10,165.80, with interest at 6 percent per annum from July 1, 1937, and for costs.

Defendant in its answer, filed December 26, 1939, denied that plaintiff was employed by defendant to represent defendant in the litigation mentioned, but stated that it did employ one Ralph Gore, an attorney, to represent defendant in such matters; admitted that plaintiff assisted Gore in the litigation; denied the value of the property involved as alleged in the petition; alleged it was ready and willing to pay Gore for his services, "and at this time offers to pay plaintiff and Ralph Gore" a fair and reasonable fee for their services. The reply of plaintiff filed April 2, 1940, denied the employment of Gore by defendant and alleged that Gore was an employee of plaintiff and assisted plaintiff in the conduct of the litigation.

At the trial the jury returned a verdict in favor of the plaintiff for $4,489.78, with interest at six percent from May 17, 1940, and costs, upon which judgment was entered.

On April 2, 1940, the defendant filed a motion asking the court to make an order consolidating the action with another action filed on the same day which we shall designate as the "second case." In the amended petition in the second case plaintiff alleged that on July 1, 1937, plaintiff and Ralph Gore formed a partnership; that from the 12th day of June, 1935, until the 1st day of July, 1937, plaintiff represented the defendant as an individual, and that after the latter date the plaintiff and Gore, as copartners, represented the defendant in the litigation, and performed the services for which judgment was demanded.

The overruling of the motion to consolidate is assigned as error. The defendant contends that the defendant should not be subjected to two lawsuits by an attorney who has rendered services under a single contract of employment in a single case.

Our statute G. S. 1935, 60-765, provides:

"Whenever two or more actions are pending in the same court which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown the said several actions shall be consolidated. The order for consolidation may be made by the court or by a judge thereof in vacation."

But where consolidation is permissible under this statute it cannot be demanded as a matter of strict right. Ordinarily a motion for consolidation of two or more pending actions is addressed to the sound discretion of the trial court, and its action in consolidating or

refusing to consolidate pending actions will not be disturbed on appeal in the absence of a manifest abuse of discretion. (*Readicker v. Denning*, 86 Kan. 617, 619, 122 Pac. 103.) The discretion vested in the court, however, is not an arbitrary or capricious discretion, but an impartial discretion, guided and controlled in its exercise by sound legal principles. It is a legal discretion to be exercised in a manner to subserve and not to defeat the ends of substantial justice. This court has held that cases should not be consolidated when evidence offered in one of them is likely to be prejudicial to litigants in the other. (*Butcher v. State Highway Comm.*, 139 Kan. 763, 33 P. 2d 152.) See I C. J. S. 1345. In the case before us no charge is made that there was an abuse of discretion on the part of the trial court in overruling the motion to consolidate the actions. Moreover, Gore, who was a party to the second action was not a party to the first action. In such case the ruling of the trial court will not be disturbed. (*McCullough v. Hayde*, 82 Kan. 734, 109 Pac. 176.)

The defendant objected to the introduction of evidence on behalf of plaintiff on the ground that the first and second cases constituted but one cause of action and that the plaintiff was splitting his cause of action. But the rule against splitting causes of action does not prevent a plaintiff from suing for a part of a single cause of action; it merely precludes him from thereafter maintaining another action for the other portion. Thus, in *Madden v. Smith*, 28 Kan. 798, it was held, as stated in the syllabus:

"Where there is but a single and indivisible contract, only one action can be maintained for a breach thereof and after such action the plaintiff cannot maintain a second on the ground that he did not recover in the first all the damages he in fact sustained in consequence of the breach." (Syl. ¶ 1.)

Section 60-765 above quoted provides that "Whenever two or more actions are pending in the same court which might have been joined," the defendant may ask for consolidation as therein provided. But where a plaintiff has split up a single cause of action the statute does not contemplate a consolidation of the fragments. In *Baird v. U. S.*, 96 U. S. 430, 24 L. Ed. 703, it was stated:

" . . . It is well settled that, where a party brings an action for a part only of an entire indivisible demand, and recovers judgment, he cannot subsequently maintain an action for another part of the same demand. *Warren v. Comings*, 6 Cush., 103. Thus, if there are several sums due under one contract, and a suit is brought for a part only, a judgment in that suit will be a bar to another action for the recovery of the residue." (p. 432.)

See, also, *Insurance Co. v. Bullene*, 51 Kan. 764, 33 Pac. 467.

If defendant desires to raise the question as to splitting of the cause of action he may do so by appropriate pleadings in the second case, and we therefore hold the assignment of error cannot be sustained.

Under an instruction given by the trial court, interest was allowed from the date of the filing of the petition. Defendant contends the court committed error in giving this instruction. It is admitted that the record fails to disclose any objection was made to the instruction at the trial, but defendant contends that under *Richardson v. Business Men's Protective Ass'n*, 129 Kan. 700, 284 Pac. 599, and *State v. Hartsock*, 140 Kan. 428, 37 P. 2d 36, where an instruction is clearly erroneous as a matter of law it is not necessary, in order to predicate error upon the giving of the instruction, to make objections to the erroneous instruction before or at the time it was submitted to the jury.

In the Richardson case, at page 705, it was said: "Appellee does not contend that the question now raised by appellant on the instructions was not presented to the court on the hearing of the motion for a new trial." Also, in the Hartsock case there was a motion for a new trial, where the objection to the instruction was raised.

In the case before us no motion for a new trial was filed. If we concede the instruction was erroneous, the giving of the instruction was a trial error and could not be raised on appeal in the absence of a motion for a new trial. It is therefore clear the cases cited do not support the contentions of the defendant.

The judgment is affirmed.