### No. 35,444

ARNOLD C. TODD, *Appellant*, v. THE CENTRAL PETROLEUM COMPANY, INC., et al., *Appellees.*

(124 P. 2d 704)

Opinion filed April 11, 1942.

*Austin M. Cowan* and *Kurt Riesen,* both of Wichita, argued the cause for the appellant.

*Claude I. Depew,* of Wichita, argued the cause, and *W. E. Stanley, Lawrence Weigand, William C. Hook, Sidney J. Brick* and *Lawrence E. Curfman,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is the second of two actions which were simultaneously begun in the district court on June 29, 1939, to recover judgment against defendant on *quantum meruit* for attorneys' services rendered in its behalf.

In the district court the two actions were given the numbers 103,897 and 103,900. The *first* of these actions proceeded to judgment and came to this court for review. (*Todd v. Central Petroleum Co.,* 153 Kan. 550, 112 P. 2d 80.)

In the *first* case plaintiff sought to recover compensation for his services from the time his employment began in June, 1935, down to July 1, 1937. In the *second* case a recovery was sought for attorneys' services for the period beginning July 1, 1937, until December 20, 1937, when the litigation was concluded.

There had been but one contract of employment, which was between Arnold C. Todd, attorney at law, and the Central Petroleum Company, Inc. That employment was to attend to defendant's interest in a quiet-title action in the district court of Russell county and which was removed to the federal court and eventually brought to a successful conclusion in the United States circuit court of appeals on December 20, 1937.

The occasion or excuse for filing two actions for the services rendered pursuant to Todd's contract of employment, whether sufficient or not, was because on July 1, 1937, Todd had formed a law partnership with one Ralph Gore; and the *first* action was for compensation for Todd's services until the date of the formation of the partnership; and the *second* action which was filed in the names of Todd and Gore, as partners, was for compensation rendered by the law partners from July 1, 1937, until the conclusion of the litigation.

By the time these two actions were begun, however, Gore had become identified with the defendant corporation as stockholder and director. Dissolution of the partnership followed, and on mo-

tion of Todd the status of Gore in the *second* action was shifted from party plaintiff to party defendant by order of court. With the court's permission plaintiff also amended his petition to allege the altered status of Gore and that he was a necessary but antagonistic party to the litigation.

Gore filed a motion to set aside the order changing his status from plaintiff to defendant and to strike the amendment to the petition. This motion was overruled. Gore next demurred to the petition and the amendment thereto as insufficient to constitute a cause of action or basis of relief against him. This demurrer was overruled.

On November 13, 1939, the defendant Central Petroleum Company, Inc., filed a motion in case No. 103,897 and likewise a motion in case No. 103,900 for an order requiring plaintiff to make each petition definite and certain in various particulars—to state whether the contract of employment was oral or in writing, and where and when defendant had refused to pay for Todd's services, and other details needless to mention.

On December 9, 1939, both motions were overruled in part and sustained in part, following which on December 14, 1939, plaintiff filed amended petitions in both cases. Each of them alleged that on June 12, 1935, plaintiff Todd was employed as attorney by the defendant to represent, advise, counsel and defend it in a lawsuit then pending in the district court of Russell county, Kansas, to which lawsuit defendant had become successor in interest to an earlier corporation of about the same name; that said lawsuit was for specific performance of an agreement pertaining to an oil and gas lease and the drilling of oil and gas wells thereon; that said lawsuit was removed to the federal court and that plaintiff carried it through to a successful conclusion in the United States circuit court of appeals on December 20, 1937; that the value of the matters in controversy in that litigation had been approximately $150,000, and that the defendant corporation and certain individual defendants associated in interest with it had profited to an amount greatly in excess of that figure. For his services in case No. 103,897, for a period of over two years down to July 1, 1937, plaintiff prayed judgment for $10,000.

In case No. 103,900, plaintiff's amended petition, like its contemporary, alleged the facts of plaintiff's employment in the Russell county litigation which eventuated successfully for defendant in the United States circuit court of appeals; and alleged at some

length the facts of the partnership of Todd and Gore through whose efforts the litigation had been conducted from the time they (Todd and Gore) took over the defense of the action on July 1, 1937, until its conclusion, and that the reasonable value of plaintiff's services was $5,000, for which sum judgment was prayed for.

On December 26, 1939, the defendant Central Petroleum Company, Inc., filed an answer to the merits in case No. 103,897, and likewise an answer to the merits in case No. 103,900. Those answers were identical except that in the first case, No. 103,897, there was a denial that the plaintiff's services were worth $10,000, and in the second case, No. 103,900, there was a denial that the services were worth $5,000. In each answer there was a general denial—but continuing thus:

"3. This answering defendant denies that on or about the 12th day of June, 1935, or at any other time, it or its predecessor employed the plaintiff Arnold C. Todd in person to represent this defendant in the litigation mentioned in said amended petition, but states that this defendant did employ the defendant Ralph Gore mentioned in said amended petition, an attorney duly licensed to practice and practicing at Wichita, Kansas, to represent this defendant in the lawsuit referred to in said amended petition.

"4. This answering defendant admits that the plaintiff assisted the said Ralph Gore in representing it in said litigation, and that the plaintiff and the said Ralph Gore rendered legal services in behalf of this defendant in that connection.

"5. This defendant specifically denies that the amount or value of the property in controversy in the said litigation was approximately $150,000 and specifically denies that the fair and reasonable value of the legal services rendered for this defendant by the plaintiff and the said Ralph Gore was the sum of $5,000, as alleged in said amended petition.

"6. This defendant has been ready, able and willing, and has offered at various times since the termination of said litigation to pay the defendant and the said Ralph Gore a fair and reasonable fee for the legal services rendered by them in behalf of this defendant, and this defendant is still ready, able and willing, and at this time offers to pay the plaintiff and the said Ralph Gore such fair and reasonable fee for their legal services rendered in behalf of this defendant."

On April 2, 1940, plaintiff filed a reply in each case, specifically denying each material allegation of defendants' answer inconsistent with the allegations of plaintiff's petition, and—

"Plaintiff further alleges that if the defendant, The Central Petroleum Company, Inc., a corporation, employed the said Ralph Gore individually, as alleged in its answer, they did so clandestinely and secretly and never, through any agent or officer, informed the plaintiff of such fact, and further,

that the said Ralph Gore, as a copartner of this plaintiff, never, at any time, informed this plaintiff of such fact and relationship."

Thus the issues of the action with which we are presently concerned, No. 103,900, were joined on April 17, 1939. Issues not materially different were joined in No. 103,897, and when the issues were joined in both actions it was clear, as it always had been since the actions were filed on June 29, 1939, that the action in each was for a separate portion of the attorneys' services rendered in defendant's behalf.

On April 2, 1940, defendant filed a motion to consolidate the two causes for trial. No grounds for consolidation were stated and the motion was denied. The action No. 103,897 was called for trial May 14, 1940. In that case the jury was instructed thus:

"Your verdict must be for the plaintiff for whatever you find to be the fair and reasonable value of plaintiff's services to the defendant prior to July 1, 1937, together with the sum of $165.82 for money expended by him in defendant's behalf, and to this total amount you will add interest at the rate of six percent per annum from June 29, 1939, to the date of your verdict, and include the interest in your general verdict."

The verdict was for plaintiff in the sum of $4,489.78 with interest at 6 percent from June 29, 1939, to this date—May 17, 1940..

Judgment was entered thereon and defendant appealed. This court affirmed the judgment as reported in *Todd v. Central Petroleum Co.*, 153 Kan. 550, 112 P. 2d 80, decided April 12, 1941.

Following that decision, on August 14, 1941, defendant filed an amended and supplemental answer in the present action, case No. 103,900, in which, among other matters, it alleged that "the cause of action of which the claim sued upon herein was a part has been fully and finally adjudicated." Reference was made to the matters involved and adjudicated in *Todd v. Central Petroleum Co.*, supra, and concluded with a plea that because of the judgment in No. 103,897, which defendant had satisfied, plaintiff was not entitled to maintain this action.

Plaintiff moved to strike that belated amended and supplemental answer on various grounds, one of which gave the dates of the commencement of the action in June, 1939, the filing of defendant's answer in December, 1939, and plaintiff's reply filed on April 2, 1940. Plaintiff's motion also alleged that at no time prior to the filing of its belated amendment on August 14, 1941 (sixteen months after the issues were made up), did defendant raise the question of a possible

splitting of a single cause of action by the institution of the two suits. The motion to strike further alleged:

"At the beginning of the trial of case No. 103,897 on May 14, 1940, said defendant moved the court to consolidate this action with case No. 103,897, on the ground that the two causes of action contained in the cases should be joined for purposes of trial. . . . In fact, its motion to consolidate the two actions under the statute, G. S. 1935, sec. 60-765, acknowledges the existence of two separate causes of action, or there would be no object in moving for a consolidation."

The motion also pleaded that by its previous conduct throughout the course of the action defendant had waived any possible defense based upon splitting of a cause of action, and by its failure to raise that question by timely motion or plea, it was estopped to raise it at such a late date—which was more than two years after this action and its contemporary action were begun.

The trial court overruled the motion to strike, and plaintiff promptly appealed.

It has taken much space to state the pertinent facts. With that done, however, the legal question involved in the trial court's ruling becomes clear.

The rule against splitting a single cause of action into two or more lawsuits has often been applied in this court. (*Insurance Co. v. Bullene,* 51 Kan. 764, 33 Pac. 467; *Coal Co. v. Brick Co.,* 52 Kan. 747, 35 Pac. 810; *First Nat'l Bank v. Schruben,* 125 Kan. 417, 265 Pac. 53; *Krueger v. Schlemeyer,* 145 Kan. 469, 66 P. 2d 395; *Fiscus v. Kansas City Public Ser. Co.,* 153 Kan. 493, 112 P. 2d 83.)

We shall assume that the institution of the two actions based upon the one contract of employment constituted a splitting of the single cause of action without a critical examination of the circumstances which might have justified or excused one action for Todd's services until the formation of the partnership of Todd and Gore, and another action for the later services performed by the partners. But there is one familiar rule of trial practice which cannot be ignored in the situation outlined above. That rule is that an objection to the splitting of a cause of action, like all other tactical objections or dilatory pleas, must be made in a clear and timely manner. It serves no purpose to dictate into the record a camouflage of words which conceal rather than reveal the precise objection of the pleader. (*Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952.)

If a party to an action seeks the benefit of the rule against splitting a single cause of action he must claim its benefit on the institu-

tion of a second or unnecessary action at an early stage of the proceedings, otherwise he will waive his right to its benefit. We have recently had occasion to review a ruling of a trial court which involved the rule against splitting a cause of action. In *Anspaugh v. Dougherty*, 153 Kan. 257, 109 P. 2d 101, which was an action upon a balance due on a promissory note, one defense was that a partial recovery on the note had already been obtained in an earlier action and the benefit of the rule against splitting was claimed. The trial court sustained that plea, but this court ruled that the circumstances would not permit its application. In the opinion we said:

"The doctrine against splitting a cause of action is designed for the protection of defendants and not to give them an unjust advantage. Its object is to prevent a multiplicity of suits. (Citations.) But a defendant may . . . waive the right to insist upon the rule forbidding the splitting of a cause of action. (1 Am. Jur., Actions, § 101; 1 C. J. S., Actions, § 102 [g]; *Louisville Bridge v. L. & N. R. R. Co. et al.*, 116 Ky. 258.)" (pp. 265, 266.)

In *Georgia Ry. & Power Co. v. Endsley*, 167 Ga. 439, 145 S. E. 851, 62 A. L. R. 256, a railway company had incurred liability in damages for injury to a person and his property. It was held that where in such a case the injured party brings one action to recover for the property damage only, and thereafter files another suit in which damages are sought solely for the personal injuries, and the defendant files defenses in each action, but does not object to either on the ground of "another action pending" until after judgment is rendered in favor of the plaintiff in the property damage suit, the defendant will be presumed to have consented to the splitting of the cause of action, and will not then be permitted to plead the property judgment in bar of the action for personal injuries.

In an annotation on "Splitting of Cause of Action—Waiver," in 62 A. L. R. 263, it is said:

"Rule prohibiting the splitting of a cause of action is primarily for the benefit of the defendant, and may be waived by him. Accordingly, it is held that the defendant, by failing to object to either of the actions on the ground of 'another action pending' until after the plaintiff recovered judgment in the property damage suit, is presumed to have consented to the splitting of the cause of action, and cannot plead the property judgment in bar of the action for personal injuries."

To the same effect is the rule stated in 1 C. J. S. 1312.

It cannot be denied that defendant was very late in invoking the benefit of the rule against splitting. Both actions were begun on June 29, 1939. The purposes of the two actions were perfectly

clear as pleaded in plaintiff's two first petitions. Nearly five months after the actions were begun defendant filed dilatory pleas against them but lodged no plea against splitting. Even after plaintiff filed his amended petitions no such plea was invoked; and yet under our civil code then would have been the appropriate time to invoke the benefit of the rule against splitting. G. S. 1935, 60-705, in part reads:

"The defendant may demur to the petition only when it appears on its face, either . . . *Third,* that there is another action pending between the same parties for the same cause. . . ."

On December 26, 1939, defendant filed almost identical answers in the two actions. In the second action, which is the one of particular concern here, defendant admitted its liability to pay some reasonable amount and alleged its readiness "to pay the plaintiff and the said Ralph Gore a fair and reasonable fee for the legal services rendered by them in behalf of this defendant." Nothing was pleaded in this answer (nor in the answer in the other case) which hinted at any objection based on splitting the cause of action. On April 17, 1940, plaintiff's reply was filed which joined the issues for trial. On May 14, 1940, when the first case was called for trial defendant filed its motion to consolidate the two cases for trial. Such a motion was a tacit admission that there were *two* actions which conveniently might be consolidated as the code provides. (G. S. 1935, 60-765.) The point that the two actions were based on one contract of employment and constituted a splitting was not made; neither did defendant even at that late date claim the benefit of the rule against splitting, although it now insists with great emphasis that this is what it was driving at by its motion to consolidate the two actions and by its objection to the introduction of evidence in case No. 103,897. But in *Clark v. Linley Motor Co.*, 126 Kan. 419, 422, 268 Pac. 860, it was held:

"A litigant having a meritorious proposition of law which he desires to seriously press upon the attention of the trial court should raise the point in such clear and simple language that the trial court may not misunderstand it, and if the point be so obscurely hinted at that the trial court excusably fails to grasp it, it will avail naught to disturb the judgment on appeal." (Syl. ¶ 1.)

See, also, *State v. Pyle,* 143 Kan. 772, 782, 57 P. 2d 93, and citations; *Stephenson v. Wilson,* 147 Kan. 261, 76 P. 2d 810; *Collins v. Safeway Cab, Transfer & Storage Co.,* 151 Kan. 242, 246, 97 P. 2d 1110.

Appellee reminds us that in *Todd v. Central Petroleum Co.*, 153 Kan. 550, 112 P. 2d 80, when the first case, No. 103,897, was here for review, we said that if defendant desired to raise the question of splitting of the cause of action it might do so by appropriate pleadings in the second case. Very true. But we did not say nor intimate that if so raised such pleading would interpose an insurmountable barrier to plaintiff's action despite defendant's failure to raise the point by clear and timely objection to the splitting or by some timely and specific plea claiming the benefit of the rule against splitting.

This court holds that defendants' failure to invoke the benefit of the rule against splitting in a clear and timely manner constituted a waiver of its right to object and gave implied consent to the splitting of the cause of action.

The judgment is therefore reversed and the cause remanded for further proceedings consistent herewith.

Hoch, J., not participating.