No. 66,726

PATRONS MUTUAL INSURANCE ASSOCIATION, *Appellant*, v. UNION GAS SYSTEM, INC., *Appellee.*

(830 P.2d 35)

Opinion filed April 10, 1992.

*Randall D. Palmer*, of Palmer & Whittier, of Pittsburg, argued the cause, and *Duncan A. Whittier*, of the same firm, was with him on the brief for appellant.

*Diane M. Breneman*, of Blackwell Sanders Matheny Weary & Lombardi, of Overland Park, argued the cause, and *Timothy W. Triplett* and *J. Michael Grier*, of the same firm, were with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Patrons Mutual Insurance Association (Patrons) appeals the order of the trial court granting summary judgment in favor of Union Gas System, Inc., (Union Gas) in a subrogation action for damages Patrons paid its insured arising out of an explosion of Union Gas's gas pipeline system. Patrons' insured had previously settled his uninsured losses caused by the explosion in another action against Union Gas which was dismissed with prejudice after the settlement. The district court found that because Patrons had failed to intervene in its insured's action, it failed to protect its own rights. Patrons appealed. This case was transferred from the Court of Appeals under K.S.A. 20-3018(c).

On September 20, 1987, an explosion occurred in downtown Independence, Montgomery County, Kansas, in an area where Union Gas had had crews working on gas lines the previous week. The explosion damaged several buildings in the surrounding area, including two buildings owned by John F. Brandenburg and insured by Patrons. Pursuant to its insurance contract, Patrons paid Brandenburg $7,460 for damages to one building and $13,000 for damages to the second building. Patrons notified Union Gas by letter of its subrogation rights to the funds it paid its insured for damages caused by Union Gas to Brandenburg's buildings.

On March 16, 1989, Brandenburg personally entered *Walters, et al., v. Union Gas*, Montgomery County District Court Case No. 88 C-114 C, as a plaintiff in a pending lawsuit. The amended petition made claim for all of Brandenburg's losses caused by Union Gas. On September 7, 1989, Patrons brought a second action, Montgomery County District Court Case No. 89 C-279 C, in the name of John F. Brandenburg to recover the $20,460 it paid its insured for loss to the buildings.

On February 5, 1990, as part of a settlement agreement in the first action, Brandenburg signed a Limited Full Release of Claims. The release contained the following provision:

"THIS RELEASE is a release only of the claims of JOHN W. BRANDEN-BURG and JOHN F. BRANDENBURG individually and is not a release of claims held, if any, by their insurer, Patrons Mutual Insurance Company."

In July 1990, as part of the settlement all the plaintiffs, including Brandenburg, entered into a stipulation for dismissal with prej-

udice of Case No. 88 C-114 C. The case was dismissed with prejudice on September 20, 1990.

On August 21, 1990, Union Gas filed a motion to dismiss this action, 89 C-279 C, claiming Brandenburg's second action was barred by the doctrine of res judicata. The district court denied Union Gas's motion on November 30, 1990, and allowed Patrons 20 days to file an amended petition as the real party in interest; to accurately state its claim; and to specify with particularity its status, the subrogation matters, and its actual request for damages.

On December 20, 1990, Patrons filed its "First Amended Petition," naming itself plaintiff. The amended petition states in part:

"As a direct result of the explosion, the real property owned by John F. Brandenburg and insured by plaintiff was substantially damaged or destroyed. By virtue of the insurance policy issued to John F. Brandenburg . . . , plaintiff was required to pay to its insured, John F. Brandenburg, sums totaling $20,460.90 and [was] . . . subrogated to the rights of John F. Brandenburg for his cause of action against defendant to recover said sums."

On March 11, 1991, Union Gas filed a motion for summary judgment, contending: (1) Subrogation gives Patrons only Brandenburg's rights, all defenses against Brandenburg are also defenses against Patrons, and, therefore, Patrons is barred from bringing this second action; (2) to protect its right of subrogation, Patrons was required but failed to intervene in 88 C-114 C; and (3) because 88 C-114 C was dismissed with prejudice, res judicata bars Brandenburg or Patrons from suing Union Gas in a second suit.

On April 30, 1991, the trial court found there were no material issues of fact. It determined (1) because Brandenburg's claim against Union Gas is barred by the doctrine of res judicata, Patrons' claim is also barred; and (2) when Patrons neglected to intervene in the first action, it failed to protect its rights in this action. The court granted Union Gas's motion for summary judgment. Patrons appealed.

Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When summary judgment is challenged on appeal, an appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment. *Falls v. Scott*, 249 Kan. 54, 57, 815 P.2d 1104 (1991).

Patrons argues that the doctrine of res judicata does not apply because Union Gas was aware when it settled with Brandenburg in the original action that there was a pending Patrons' action for real property damages which were not included in its settlement with Brandenburg. In other words, Union Gas, when settling with Brandenburg, agreed to preserve the subrogation rights of Patrons, thereby waiving its right to claim the defense of res judicata, and is now estopped from circumventing this agreement. Patrons further claims the doctrine of promissory estoppel applies since Brandenburg was induced to settle with Union Gas because he believed by the reservation of any claim of Patrons he had protected his insurer's right of subrogation.

Union Gas argues it did not waive its right to assert res judicata as a defense. The release drafted and signed by Brandenburg did not reserve the insured portion of Brandenburg's claim; instead, it released all of Brandenburg's claims and merely stated it was not a release of claims held, *if any*, by Patrons. Union Gas alleges Patrons has never asserted any claim other than Brandenburg's claim for his insured loss. Union Gas observes that Patrons brought this second action, on September 7, 1989, and that the release in the first action was prepared and executed by Brandenburg in February 1990. It claims the release was not executed by Brandenburg until some six months after Patrons filed the second action, so Patrons cannot claim it relied on the release when it filed the second action. Union Gas concluded that because Patrons did not rely on the release, Patrons cannot claim Union Gas waived its right or is estopped to assert that res judicata applies. In addition, it was Patrons that had the burden of protecting its subrogation interest, not Union Gas.

The question of waiver is one of fact or a mixed question of law and fact. *Hurlbut v. Butte-Kan. Co.*, 120 Kan. 205, 206, 243 Pac. 324 (1926). Waiver must be manifested in some unequivocal manner by some distinct act or by inaction inconsistent with an

intention to claim forfeiture of a right. Mere silence of a party is not waiver unless such silence is under circumstances requiring the party to speak. *Citizen B. & L. Ass'n v. Jones*, 149 Kan. 302, 307, 87 P.2d 633 (1939).

For the doctrine of promissory estoppel to be invoked, the evidence must show that the promise was made under circumstances where the promisor intended and reasonably expected that the promise would be relied upon by the promisee and further that the promisee acted reasonably in relying upon the promise. Patrons asserts promissory estoppel should be applied only if a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice. See *Marker v. Preferred Fire Ins. Co.*, 211 Kan. 427, 434, 506 P. 2d 1163 (1973).

The parties agree Patrons obtained its right of subrogation through Brandenburg and what defenses are available against Brandenburg are also available against Patrons. An insurer's right of subrogation is derived from the insured, and any defense a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured. *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 227 Kan. 533, 539, 608 P.2d 923 (1980). Union Gas asserts Brandenburg could not maintain a second action against Union Gas because he settled with Union Gas in a separate case for the same damages; therefore, the doctrine of res judicata, which bars Brandenburg from filing a second action, also bars Patrons' action for subrogation. Union Gas also argues that when Brandenburg brought his action for the recovery of the loss it caused, Patrons was informed of the pendency of the action, but chose not to represent the interests of its insured. When informed of a possible settlement between its insured and the wrongdoer, Patrons failed to intervene in the action to protect its interests and is now barred by res judicata. In support of its contention, Union Gas cites *Insurance Co. v. Cosgrove*, 85 Kan. 296, 116 Pac. 819 (1911).

In *Cosgrove*, the insureds' building, valued at $2,100, and its contents of $1,400, were totally destroyed by fire. The insurance company paid its insureds the sum of $500. Thereafter, the insureds brought an action against the railroad company to recover the loss occasioned by the fire. The insureds requested $3,500

but settled for $1,500 and dismissed the action against the railroad. The insurer had knowledge of its insureds' action but took no part in the litigation. The insurer brought an action against its insureds to recover the sum of $500 which it had paid to its insureds on the policy of insurance.

In *Cosgrove*, the question was whether the insurance company had any legal right to depend upon its insureds to protect its right or whether it was the duty of the insurance company to join with its insureds in the prosecution of the suit or to intervene to protect its rights. The *Cosgrove* court observed that while an insured is the only proper party to bring the suit against the wrongdoer, the insurer was not powerless to protect its own interests—it could have intervened or, by consent of the insureds, joined in the prosecution of the action. If the insurer is notified its insured does not wish to be represented by the insurer, it is the duty of the insurer to protect its rights, especially when it had been notified that a settlement was possible. The court stated: "After an insurer has intervened and shown [it] has a monetary interest in the result of the action, it is not to be presumed that any court would permit a settlement between the insured and the wrongdoer to the detriment of the insurer, but, on the contrary, that the rights of all parties would be protected." 85 Kan. at 300. The court determined the insurer, having made no effort to intervene and look after its own interests, could not hold its insureds responsible for settling the case as the insureds thought best for their own interests.

We do not find *Cosgrove* analogous to this case. Here, Brandenburg attempted to protect his insurer's subrogation right when executing the release to Union Gas. Patrons is not attempting to bring an action against its insured for failure to protect its right.

The doctrine of res judicata requires that all grounds or theories upon which a cause of action or claim is founded be asserted in one action, or they will be barred in any later action. Union Gas argues the fact that Brandenburg may have settled for less than the total amount of his damages in an action which was dismissed with prejudice does not give him the right to subsequently sue Union Gas for the balance of his damages in another action. Union Gas asserts that even if Brandenburg's first action was limited to his uninsured loss, res judicata would bar the second action for

his insured loss because Brandenburg is prohibited from splitting his cause of action against Union Gas. We disagree.

In *Todd v. Central Petroleum Co.*, 155 Kan. 249, 124 P.2d 704 (1942), the plaintiff, an attorney, filed two causes of action to recover compensation for his services. In the first case Todd sought recovery for compensation from the time of his employment in June of 1935 to July 1, 1937. In the second case recovery was sought for attorney services from July 1, 1937, to December 20, 1937, when the litigation was concluded. Subsequently, the defendant moved to join the two causes of action. The district court denied the request. After the first action had been tried, the defendant moved to dismiss the second action because plaintiff had split his causes of action. The district court granted the motion and the plaintiff appealed. The *Todd* court noted the rule against splitting of a cause of action is for the benefit of defendant, but it may be waived if not claimed in a clear and timely manner. The *Todd* court found the defendant's failure to timely object to the plaintiff's splitting of his cause of action prohibited the defendant from receiving the benefit of the rule. 155 Kan. at 257. As in *Todd*, Union Gas has failed to timely object.

In *Mathis v. TG&Y*, 242 Kan. 789, 751 P.2d 136 (1988), Mathis alleged he was injured when a loose door closure hit his head as he was leaving a TG&Y store. Mathis filed an action against TG&Y, its landlord, and the company that did repair work on the door. Later Mathis discovered the actual landlord was another party and the landlord had hired a separate party to maintain the doors. Mathis filed a separate suit against those two parties. Mathis subsequently dismissed the second suit with prejudice. TG&Y was never made a party to the second action. In the original action, TG&Y, rather than joining the other parties to compare their fault, moved to dismiss the matter, claiming that Mathis had split his cause of action and the doctrine of comparative fault required all parties to the occurrence to have their fault determined in one action. The district court granted TG&Y's motion. Mathis appealed.

We noted it was the intent of the legislature to provide for full and final litigation in a single action of all causes of actions and claims for damages arising out of any act of negligence (citing *Eurich v. Alkire*, 224 Kan. 236, 237, 579 P.2d 1207 [1978]). We

observed that after an adjudication of comparative fault, no party should be afforded a second opportunity to litigate percentages of causal negligence, and that K.S.A. 60-258a contemplated one action in which comparative fault is determined. This court determined it was never the intent of the legislature or this court to place form over substance and preclude a plaintiff from proceeding against a tortfeasor when there has been no judicial determination of comparative fault and that Mathis had been denied his action. We found a dismissal of the second action with prejudice was not a judicial determination; therefore, Mathis had not split his cause of action. We determined that TG&Y was not prejudiced by allowing the suit to proceed because TG&Y could join other defendants for the purpose of comparing negligence at the trial. *Mathis*, 242 Kan. at 794.

In the present case fact questions remain. Brandenburg may or may not have split his cause of action and the dismissal of the first action with prejudice may or may not be res judicata. The question of waiver is one of fact that is yet to be determined.

Reversed and remanded.