Standridge, J.:
On July 19, 2002, a jury convicted Randy D. Thomas of second-degree murder. A presentence investigation (PSI) report prepared before sentencing indicated that Thomas’ criminal history scored B, based in part on a 1990 juvenile adjudication as “Burglary (Building Used As a Dwelling)” and classified on the PSI report as a person felony. On October 25, 2002, die court sentenced Thomas to 586 months in prison and 36 months’ postrelease supervision, which was within the presumptive sentencing range.
Thomas filed a motion to correct sentence on Februaiy 2, 2015, arguing the sentencing court misclassified his 1990 Kansas juvenile adjudication for burglaiy as a person offense for criminal history purposes, which in turn violated his constitutional rights under Descamps v. United States, 570 U.S. _, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as applied by our state in State v. Dickey, 301 Kan. 1018, 350 P.3d 1054 (2015). The district court summarily dismissed Thomas’ motion, finding that “Dickey does not allow [Thomas] to raise a constitutional challenge in a post-direct appeal motion to correct an illegal sentence.”
*17 Analysis
Thomas claims the district court erroneously denied his motion to correct an illegal sentence. Under K.S.A. 22-3504(1), a “court may correct an illegal sentence at any time.” Our Supreme Court has defined “illegal sentence” under K.S.A. 22-3504 as:
“ ‘(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]’” State v. Monda, 301 Kan. 549, 551, 343 P.3d 1161 (2015).
The State argues that this court should not reach the merits of whether Thomas’ sentence is illegal because the issue is procedurally barred by waiver, invited error, and res judicata because the holding in Dickey should not be retroactively applied, and because K.S.A. 22-3504 is the improper procedural vehicle to challenge the constitutionality of a sentence. Before reaching the merits of Thomas’ claim, we address each of the State’s procedural arguments.
1. The States procedural arguments
a. Waiver and invited error
The State argues Thomas has waived his right to challenge—and is precluded by the doctrine of invited error from challenging—any alleged error by the district court in classifying his prior juvenile adjudication for burglary as a person offense for purposes of calculating his criminal history score. We begin our discussion with a brief review of waiver and the doctrine of invited error.
In Kansas, waiver is defined as the voluntary and intentional relinquishment of a known right and the expression of an intention not to insist upon what the law affords. See Prather v. Colorado Oil & Gas Corp., 218 Kan. 111, 117, 542 P.2d 297 (1975); Jones v. Jones, 215 Kan. 102, 116, 523 P.2d 743 (1974). “Waiver must be manifested in some unequivocal manner by some distinct act or by inaction inconsistent with an intention to claim forfeiture of a right.” Patrons Mut. Ins. Ass’n v. Union Gas System, Inc., 250 Kan. 722, 725-26, 830 P.2d 35 (1992). Thus, in order for a waiver to be constitutionally valid, the record must affirmatively reflect that the *18 defendant personally (1) understood tire specific right or rights being waived; and (2) either by action or inaction, established that he or she unequivocally intended to waive the specific right or rights.
The doctrine of invited error precludes a party from affirmatively requesting a district court rule on a particular issue in a given way and then challenging that ruling on appeal. See State v. Hargrove, 48 Kan. App. 2d 522, Syl. ¶ 2, 293 P.3d 787 (2013) (describing invited error). The doctrine of invited error “should be tailored as necessary to serve its particular purpose without unnecessarily thwarting the ends of justice.” 48 Kan. App. 2d at 553.
As a general rule, Kansas appellate courts have drawn no particular distinction between waiver and invited error. 48 Kan. App. 2d at 546. As defined by our courts, however, one can invite error without waiving a known right; e.g., when a lawyer or party asks the court to act in a certain way but in doing so does not understand that tire action will impair or extinguish a legal light. See United States v. Barrow, 118 F.3d 482, 490-91 (6th Cir. 1997) (Invited error “is a branch of the doctrine of waiver” that may yield to “the interests of justice,” as where both the government and the defense jointly requested a defective jury instruction.).
Turning to the facts of this case, the State contends that waiver and invited error preclude the court from considering Thomas’ motion to correct an illegal sentence under K.S.A. 22-3504(1). In support of this contention, tire State notes that when the district judge asked Thomas’ attorney whether he controverted any criminal history in the PSI report, the attorney responded, “No.” The State further notes that Thomas’ 1990 juvenile burglary adjudication was listed in the PSI report. The State argues by failing to controvert a criminal histoiy that listed the 1990 juvenile burglary adjudication, Thomas waived the right to challenge his 1990 juvenile burglary adjudication and invited any error by the district court in using that adjudication to then calculate his sentence.
But the facts here do not establish waiver or invited error for the purpose of precluding Thomas from challenging an illegal sentence. As to waiver, die response of no by Thomas’ attorney when asked by the district court judge whether the attorney controverted *19 any criminal histoiy in Thomas’ PSI report fails to establish Thomas personally knew he was voluntarily and intentionally waiving his right to later ask the court to correct the misclassification of a prior juvenile adjudication as a person offense in his criminal history. As to invited error, the record demonstrates that neither Thomas nor his counsel affirmatively invited, encouraged, or induced the court to misclassify his prior juvenile adjudication as a person offense in his criminal history and ultimately impose an illegal sentence as a result.
The conclusion that neither waiver nor invited error precludes Thomas from challenging an illegal sentence is consistent with Kansas Supreme Court precedent with facts almost identical to those presented here. In Dickey, the court declared that “a stipulation or lack of an objection regarding how those convictions [listed in the criminal histoiy] should be classified or counted as a matter of law for the purpose of determining the defendant’s criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions.” 301 Kan. at 1032. The same analysis applies here. Thomas did not waive his right to obtain relief from an illegal sentence or invite error when his attorney responded no when asked by the district court whether the attorney controverted any criminal histoiy in Thomas’ PSI report.
The dissent, however, finds this case factually distinguishable from Dickey on the issue of waiver and invited error. Specifically, the dissent notes that the PSI report describes Thomas’ prior juvenile adjudication as “Burglary (Building Used As a Dwelling)” while the description of Dickey’s prior juvenile adjudication did not describe the burglary as one that included a dwelling. The dissent posits that because the person who drafted Thomas’ PSI report described the prior juvenile adjudication as burglary of a dwelling, Thomas stipulated to the fact that an adjudication for burglary of a dwelling existed in his criminal history. By construing it as a stipulation to the existence of an adjudication in his criminal history as opposed to a stipulation to how an adjudication in his criminal history should be classified, the dissent claims Dickey does not control and Thomas has waived any right to challenge his prior adjudication for *20 burglary of a dwelling. Based on Thomas’ stipulation to the dwelling component, the dissent concludes any challenge to how the conviction should be classified is moot because there is no dispute that burglary of a dwelling is a person offense.
But our Supreme Court recently issued an opinion contrary to the position taken by the dissent. State v. Hankins, 304 Kan. 226, 372 P.3d 1124 (2016) (Hankins II). In Hankins II, the defendants PSI report listed two prior misdemeanor convictions and one prior nonperson felony conviction. The felony was based on a possession of a firearm on school property charge in Oklahoma and raised Hankins’ criminal history score to a G. Hankins filed a motion for dispositional departure. In response to the district court’s inquiry at sentencing regarding whether the parties “ liad a chance to look’ ” at the PSI report, Hankins’ counsel responded, “‘We have.’” 304 Kan. at 227. The district court denied Hankins’ departure motion and imposed a controlling sentence of 68 months in prison.
Hankins filed a motion to correct an illegal sentence asserting that his criminal history score should not have included the Oklahoma nonperson felony because Hankins received a deferred judgment for the Oklahoma crime which did not constitute a conviction for criminal history scoring purposes. The district court ultimately denied the motion, holding that defense counsel’s stipulation to criminal history during sentencing waived Hankins’ right to later challenge the criminal history score. In so holding, the district court specifically found Hankins was not challenging how the prior conviction was scored—rather, he was challenging the existence of the conviction in his criminal history.
A panel of this court affirmed the district court’s decision to deny Hankins’ motion to correct an illegal sentence. A majority of the court found Hankins’ challenge to his criminal history score was barred based on the invited error doctrine. State v. Hankins, 49 Kan. App. 2d 971, 978, 319 P.3d 571 (2014) (Hankins I).
On petition for review, however, our Supreme Court reversed Hankins I. The court relied on its recent decision in Dickey, 301 Kan. at 1032, to reiterate that stipulating to criminal history does not create a procedural bar to filing a subsequent motion to correct illegal sentence. Hankins II, 304 Kan. at 231. And relevant to the *21 position taken by the dissent, the court specifically clarified that a stipulation or failure to object to criminal history cannot be characterized as a stipulation of fact for purposes of precluding a later challenge to illegal sentence:
“The Court of Appeals majority attempted to skirt that precedent by characterizing Hankins’ stipulation as being a factual one, because he was ‘challenging the very inclusion of this item [in the PSI], not its classification.’ Hankins [I], 49 Kan. App. 2d at 976. The majority’s reasoning was based in part on its declaration that a ‘PSI does not fist cases. It lists only convictions.’ 49 Kan. App. 2d at 976. But of course not all convictions are part of the criminal history calculation either.” Hankins II, 304 Kan. at 232.
Although not part of its reasoning, the result in Hankins II is consistent with the United States Supreme Court’s decision in Ap-prendi, which held that “[ojther than tire fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490. Although nothing prevents a defendant from waiving his or her Apprendi rights, there is no evidence in the record to establish that Thomas did so here. The following discussion is helpful to understand what would have been required in order for us to have found that Thomas validly waived his right under Apprendi to have a jury determine whether his prior burglary adjudication involved a dwelling.
The burglary statute in effect when Thomas was adjudicated on February 27,1990, did not include a “dwelling” element. Thus, the “fact” of his prior adjudication, as that word is used in Apprendi, was the elements of the burglary statute as it existed in 1990:
“knowingly and without authority entering into or remaining within any: (1) Building, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.” K.S.A. 1989 Supp. 21-3715.
If the sentencing court were to consider Thomas’ 1990 juvenile adjudication for burglary as one that involved a dwelling, it would have to consider the “dwelling” aspect as an additional fact beyond the elements set forth in the 1990 burglary statute. When the sentencing court considers that additional fact, Thomas’ juvenile adjudication for burglary would be reclassified as a person *22 offense, which in turn would increase tire penalty for his current crime beyond the prescribed statutory maximum. And because this additional fact would increase the penalty for a crime beyond the prescribed statutory maximum, tire United States Supreme Court dictates that the additional fact “must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi, 530 U.S. at 490.
“The right of a criminal defendant to be tried by a jury of his [or her] peers, rather than by the court alone, is ‘fundamental to the American scheme of justice.’” State v. Irving, 216 Kan. 588, 589, 533 P.2d 1225 (1975) (quoting Duncan v. Louisiana, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 [1968]). Although “[a] criminal defendant may waive the fundamental right to a jury trial if the court and State agree to the waiver,” such waivers are “strictly construed to ensure tire defendant has every opportunity to receive a fair and impartial trial by jury.” State v. Beaman, 295 Kan. 853, 858, 286 P.3d 876 (2012) (citing Irving, 216 Kan. at 589). Therefore, the district court cannot accept a jury trial waiver “ ‘unless the defendant, after being advised by the court of his [or her] right to trial by jury, personally waives his [or her] right to trial by jury, either in writing or in open court for the record.’ ” lining, 216 Kan. at 590. “The test for determining the waiver’s validity is whether it was voluntarily made by a defendant who knew and understood what he or she was doing. Whether that test is satisfied depends upon the particular facts and circumstances in each case.” Beaman, 295 Kan. at 858.
Plere, there is no indication in the record that the court advised Thomas that a failure to controvert any of the criminal history set forth in his PSI report would result in a waiver of his right to have a juiy make any factual findings required to classify a prior conviction as a person offense for criminal history purposes. Likewise, there is no indication in the record that Thomas personally waived his right to have a jury make any factual findings required to classify a prior conviction as a person offense-for criminal history purposes; instead, the record refiects that the district judge asked Thomas’ counsel whether he had reviewed the criminal history and whether he controverted any of it. The court did not direct any questions to Thomas on this issue or otherwise attempt to secure a waiver from *23 him. A waiver will not be presumed from a silent record. Irving, 216 Kan. at 589. Based on the record in this case, deeming Thomas to have waived his right under Apprendi to have a jury determine whether his prior burglary adjudication involved a dwelling would deprive Thomas of his right to a jury trial without due process of the law.
Based on the discussion above, we find Thomas has not waived his right to challenge and is not precluded by the doctrine of invited error from challenging his sentence as illegal. First, the facts here do not establish the doctrines of waiver or invited error apply to preclude Thomas’ challenge. Second, under our Supreme Court’s recent holdings in Dickey and Hankins II, it is clear that Thomas is bringing a legal challenge to how his prior burglary adjudication should be classified as a matter of law for purposes of determining his criminal history score as opposed to a challenge to the existence of the prior burglary adjudication itself. Finally, construing Thomas to have factually admitted to the existence of a prior burglary adjudication that involved a dwelling (which converted it to a person crime that raised the criminal history score and increased the penalty for the current crime beyond the prescribed statutory maximum) without securing a voluntary and knowing waiver of jury trial on the dwelling issue from Thomas effectively deprived him of his constitutional' right to a jury trial in violation of Apprendi, 530 U.S. at 490 (“[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt”).
b. Res judicata
The State next argues that Thomas may not raise his illegal sentence claim in a collateral proceeding. Noting that this is Thomas’ third appeal, the State claims that he is barred from challenging his criminal history calculation here. The applicability of res judicata is a question of law over which the appellate court has unlimited review. State v. Robertson, 298 Kan. 342, 344, 312 P.3d 361 (2013).
The general rule of res judicata requires a defendant to raise all available issues on direct appeal. See State v. Neer, 247 Kan. 137, *24 140-41, 795 P.2d 362 (1990). Our Supreme Court has recognized the statutory exception for motions to correct illegal sentences, which the legislature expressly provides may be brought “at any time.” K.S.A. 22-3504(1); State v. Luarks, 302 Kan. 972, 975, 360 P.3d 418 (2015); State v. Neal, 292 Kan. 625, 631, 258 P.3d 365 (2011); State v. Martin, 52 Kan. App. 2d 474, Syl. ¶ 5, 369 P.3d 959 (2016) (“Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504[1] that courts may correct an illegal sentence at any time.”). The doctrine of res judicata does not bar Thomas from seeking relief from an illegal sentence.
c. Retroactive application of Dickey
The State contends that Dickey may not be retroactively applied to Thomas’ case, which became final in 2004, well before Dickey was decided. As a general rule, “when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision.” State v. Mitchell, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013).
However, the court’s holding in Dickey is not a “change in the law” under that analysis, but rather an application of the constitutional rule announced in Apprendi and clarified by Descamps. See Dickey, 301 Kan. at 1021 (“[Classifying Dickeys prior burglary adjudication as a person felony violates his constitutional rights as described under Descamps and Apprendi.”); Martin, 52 Kan. App. 2d at 484 (“Descamps provided a means by which to determine whether certain sentencing determinations violated Apprendi, and Dickey applied that framework to Kansas criminal history determinations.”). Accordingly, the date Apprendi was decided is the relevant date for purposes of the retroactivity analysis. State v. Gould, 271 Kan. 394, 23 P.3d 801 (2001). In Gould, the court indicated that all post -Apprendi cases must comply with tire constitutional rule announced in that case:
“Our holding on the constitutionality of upward departures under the KSGA [Kansas Sentencing Guidelines Act] has no retroactive application to cases final as *25 of June 26,2000, the date Apprendi was decided. However, the new constitutional sentencing rule established by Apprendi must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000. [Citation omitted.]” (Emphasis added.) Gould, 271 Kan. at 414.
Thomas’ claim seeking relief from an illegal sentence in this case arose well after Apprendi; therefore, applying the Apprendi constitutional analysis set forth in Dickey is not an improperly retroactive application of that law. Cf. Whisler v. State, 272 Kan. 864, 36 P.3d 290 (2001) (direct appeal final prior to Apprendi decision, so Ap-prendi was not retroactively applied). Our finding in this regard corresponds with this courts recent finding in Martin:
“[W]e find that retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant s criminal history score resulting in an illegal sentence. The legislative directive in K.S.A. 22-3504(1) allows courts to correct an illegal sentence at any time. Thus, we conclude that a claim under Dickey [II] may be brought by a defendant in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendants sentence is final.” 52 Kan. App. 2d at 483-84.
As the court did in Martin, we conclude Thomas is not procedurally barred from obtaining relief from an illegal sentence based on the fact that Thomas’ case was final when the Supreme Courts opinion in Dickey was filed.
d. Procedural vehicle
The State finally argues that Thomas’ sentence is not illegal as contemplated by K.S.A. 22-3504(1) because Thomas malees a constitutional claim, which does not make a sentence illegal under Kansas law. See State v. Lee, 304 Kan. 416, 418, 372 P.3d 415 (2016) (motion to correct illegal sentence was not appropriate way to assert claim that sentence was unconstitutional); State v. Warrior, 303 Kan. 1008, Syl., 368 P.3d 1111 (2016) (“A motion to correct illegal sentence under K.S.A. 22-3504[1] is an improper procedural vehicle for a constitutional claim.”).
But Dickey held that a challenge to a criminal history score is proper under K.S.A. 22-3504 because it is a claim that the sentence does not conform to the applicable statutory provision regarding the authorized punishment. 301 Kan. at 1034; see Luarks, 302 Kan. *26 at 975 (claim alleging misclassification of prior convictions as person offenses “necessarily raisefs] a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized”); Neal, 292 Kan. at 631 (challenge to criminal history score necessarily challenges sentence that criminal history score helped produce). Thomas’ claim is not barred by the doctrine of retroactivity.
2. The merits: an illegal sentence
Finding no procedural bar, we now address the merits of Thomas’ claim that the district court erred in classifying his 1990 juvenile adjudication for burglaiy as a person offense. Whether a sentence is illegal under K.S.A. 22-3504(1) and whether a district court properly classified a defendant’s prior burglary adjudication as a person crime for criminal history purposes are questions of law over which an appellate court has unlimited review. See Dickey, 301 Kan. at 1034; State v. Taylor, 299 Kan. 5, 8, 319 P.3d 1256 (2014).
Like in Dickey, the statute in effect at the time Thomas committed his 1990 burglary did not include a dwelling element. So to classify Thomas’ 1990 burglary adjudication as a person crime, the district court necessarily had to have found that this prior adjudication involved a “dwelling,” which is a fact only a jury can find under Apprendi because it is the fact that makes burglary a person crime and increases a defendant’s sentence. Dickey, 301 Kan. at 1039-40; see K.S.A. 21-4711(d) (all burglaries of a dwelling must be considered person felonies). Thomas’ 1990 juvenile adjudication for burglary should have been classified as a nonperson offense. Accordingly, we vacate the sentence imposed and remand the matter to the district court with directions to reclassify the 1990 juvenile adjudication for burglary as a nonperson offense, recalculate Thomas’ criminal histoiy score based on the reclassification, and resentence Thomas based on the recalculated criminal histoiy score.
Sentence vacated and case remanded with directions.
[[Image here]]