NOT DESIGNATED FOR PUBLICATION

No. 117,237

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BERNARD SMITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed May 18, 2018. Reversed and remanded with directions.

*Nicholas David*, of The David Law Office LLC, of Topeka, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Bernard Smith appeals the district court's decision to deny his motion to correct an illegal sentence. Specifically, Smith argues that his 1988 and 1990 burglary convictions were improperly classified as person crimes for criminal history purposes, which resulted in an illegal sentence. Smith claims he is entitled to relief under *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as applied by the Kansas Supreme Court in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). We agree. Accordingly, we reverse and remand to the district court for resentencing with a new criminal history score.

1

FACTS

On July 6, 2007, Smith pled guilty to a single count of aggravated robbery, a severity level 3 person felony, in exchange for the dismissal of several other charges. A presentence investigation revealed that Smith had a criminal history score of A, based, in part, on two burglary convictions from 1988 and 1990. On September 26, 2008, the district court sentenced Smith to 221 months in prison, the standard presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA) based on Smith's criminal history score of A.

On August 12, 2015, Smith filed a motion to correct an illegal sentence, relying on the Kansas Supreme Court's decision in *Dickey I* to challenge the district court's decision to include his prior burglary convictions as person felonies in his criminal history. In response, the State argued that the holding in *Dickey I* did not apply retroactively to Smith's sentence, which was final prior to that ruling.

After hearing arguments from both counsel at a nonevidentiary hearing, the court summarily denied Smith's motion. The court began its ruling by noting that "[c]onstitutional challenges to an illegal sentence are not permitted because 'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision.'" The court then held that "while it is possible that [Smith]'s sentence could be a violation of *Apprendi*, *Dickey* [*I*] does not allow him to raise a constitutional challenge in a post-direct appeal motion to correct an illegal sentence." Smith filed a motion to alter or amend judgment and a motion for additional findings of fact and conclusions of law, both of which the court denied. Smith timely appeals.

ANALYSIS

Smith argues the district court erred by denying his motion to correct an illegal sentence. "The court may correct an illegal sentence at any time." K.S.A. 2017 Supp. 22-3504(1). When a district court summarily denies a motion to correct an illegal sentence, this court applies a de novo standard of review. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016). Likewise, whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

The term "illegal sentence" is defined in K.S.A. 2017 Supp. 22-3504(3):

> "'Illegal sentence' means a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."

Smith challenges his sentence based on the second definition of an illegal sentence:  His sentence does not conform to the applicable statutory provision in terms of the punishment authorized. Specifically, Smith argues that the burglary statute upon which his 1988 and 1990 burglary convictions were based did not include the dwelling element required to classify the crimes as person felonies; thus, the sentencing court was constitutionally prohibited from classifying them as person felonies for criminal history purposes. Smith claims the sentencing court's misclassification in this regard resulted in a higher criminal history score which, in turn, caused the court to impose an illegal sentence that did not conform to the applicable statutory provision in terms of the punishment authorized. Smith asserts that the district court's ruling below—that he was procedurally barred from raising a constitutional challenge in a motion to correct an

illegal sentence—has since been rejected by the Kansas Supreme Court in *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*).

The decisions in *Dickey I* and *II* were based on the principles set forth by the United States Supreme Court in *Apprendi*. Thus, our analysis begins with *Apprendi*, where a majority of the Court relied upon the Sixth and Fourteenth Amendments to the United States Constitution to hold that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The United States Supreme Court later held in *Descamps*, 570 U.S. at 269-70, that when the prior crime of conviction is broader than the generic crime to which it is being compared—requiring the court to look beyond the mere fact of a conviction and examine the facts that gave rise to the conviction—the right to a jury trial under the Sixth Amendment is implicated.

The Kansas Supreme Court adopted the reasoning in *Apprendi* and *Descamps* for the first time in *Dickey I*, 301 Kan. at 1038-39. There, the court held that a conviction for burglary under the statutory definition of the crime in place before adoption of the KSGA in 1993 generally should be scored as a nonperson felony for criminal history purposes. A burglary could be treated as a person felony only if the crime involved a dwelling—a case-specific factual finding that would have to be made by a jury rather than the district court, consistent with a criminal defendant's right to a jury trial preserved in the Sixth Amendment as outlined in *Apprendi*. 301 Kan. at 1021.

Although Smith's situation is factually similar to that in *Dickey I*, the district court distinguished Smith's case on grounds that *Dickey I* was a direct appeal, while Smith's case involved a motion to correct an illegal sentence. Thus, the court reasoned, Smith's *Dickey I*-based argument was a constitutional challenge to his sentence and not an illegal sentence claim that could be raised at any time under K.S.A. 2017 Supp. 22-3504(1).

4

Smith correctly notes that the Kansas Supreme Court rejected this exact argument in *Dickey II*. Like Smith's case, *Dickey II* was not a direct appeal. It was an appeal from the revocation of probation in multiple cases consolidated for appeal, in which Dickey challenged the legality of the underlying sentences imposed when probation was initially granted. The *Dickey II* court concluded that because an illegal sentence can be corrected at any time, "the procedural distinctions . . . between *Dickey I* and *Dickey II* fade into irrelevance and the substantive holding of *Dickey I* must control." 305 Kan. at 219. The court reasoned:

> "[T]he challenge presented to Dickey's sentences in both *Dickey I* and [*Dickey II*] are challenges to the statutory propriety of the classification at issue—albeit with a thick overlay of constitutional law . . . —there is no impediment to Dickey's claim that the underlying sentences he received after his probation was revoked in the three underlying cases are illegal. And that claim is identical to, and controlled by, our determination in *Dickey I* that the exact prior conviction at issue here was in fact misclassified. The State's remaining efforts to impose a procedural bar to the relief Dickey seeks—arguments concerning retroactivity and res judicata—are all unavailing in the context of a motion to correct an illegal sentence which can be made at any time." 305 Kan. at 221-22.

Under *Dickey II*, the district court erred in finding that Smith's claim involved a constitutional challenge that could not be considered in a motion to correct an illegal sentence.

Nevertheless, the State asserts that Smith's claim is barred by the 2017 amendment to K.S.A. 22-3504. The Legislature amended K.S.A. 22-3504, effective May 18, 2017, by adding subsection (3) to state, in relevant part, that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3).

5

In *State v. Dawson*, 55 Kan. App. 2d 109, 117, 408 P.3d 995 (2017), *petition for rev. filed* January 8, 2018, a panel of this court determined that the amendment to K.S.A. 22-3504 is procedural and applies retroactively because it "define[s] and limit[s] the scope of a statutorily created procedure by which a person convicted of a crime can seek correction of a sentence." The *Dawson* panel further examined whether the rulings in *Dickey I* and *II* constituted "a change in the law" as that phrase is used in K.S.A. 2017 Supp. 22-3504(3). The panel noted that "[t]he *Apprendi* principles that were at the core of the holdings in *Dickey I* and *II* did constitute such a change." 55 Kan. App. 2d at 117. The panel reasoned that Dawson's argument was foreclosed under K.S.A. 2017 Supp. 22-3504(3) because his sentence was final before the decision in *Apprendi* and was, therefore, legal when it was pronounced:

"The law concerning the classification of pre-KSGA convictions changed with the application of *Apprendi* and *Descamps* in *Dickey*, giving life to Dawson's argument that his sentence was illegal because of the steps the district court would need to take to classify his 1992 burglary conviction as a person felony. Without *Apprendi*, that argument was unavailable to him. Since Dawson's sentence was final before *Apprendi*, the analysis developed in *Dickey I* and *II*—which was founded on the principles of *Apprendi*—could not have rendered his sentence illegal at the time it was imposed. The analysis and holdings of our Supreme Court in *Dickey I* and *II* were not merely restatements of that court's prior decisions or applications of earlier holdings to different facts, they were a change in the law. The classification methods that *Dickey II* called 'constitutionally infirm' were infirm because they conflicted with *Apprendi*, which [*State v.*] *Gould*[, 271 Kan. 394, 414, 23 P.3d 801 (2001),] held will not be applied to claims final before *Apprendi* was issued." 55 Kan. App. 2d at 117-18.

Despite the fact that Smith's sentence was final in 2008, well after the *Apprendi* decision, the State suggests that Smith's argument is similarly foreclosed by the amendment to K.S.A. 2017 Supp. 22-3504(3) because both *Dickey I* and *Descamps* constituted a change in the law that occurred after Smith was sentenced.

6

The State's argument is flawed. Unlike Dawson, who received a legal sentence prior to *Apprendi*, Smith's post-*Apprendi* sentence was illegal at the time it was imposed because it did not conform to the applicable statutory provision with respect to the punishment authorized. As a result, Smith did not need to rely on a change in the law after sentencing to make his sentence illegal. The subsequent holdings in *Descamps* and *Dickey I* did not change the law with respect to Smith's already illegal sentence; instead, they simply provided a method for evaluating whether a sentencing court violates *Apprendi* in determining a defendant's criminal history score. See, e.g., *State v. Thomas*, 53 Kan. App. 2d 15, 24, 383 P.3d 152 (2016) ("[T]he court's holding in *Dickey* [*I*] is not a 'change in the law' under [a retroactivity] analysis, but rather an application of the constitutional rule announced in *Apprendi* and clarified by *Descamps*."), *rev. denied* 306 Kan. 1330 (2017); *State v. Martin*, 52 Kan. App. 2d 474, 484, 369 P.3d 959 (2016) ("*Apprendi* was the basis for the ultimate holding in *Dickey* [*I*]. . . . *Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* [*I*] applied that framework to Kansas criminal history determinations."), *rev. denied* 305 Kan. 1256 (2017).

The district court erred when it found that Smith's motion to correct his illegal sentence was procedurally barred. The burglary statute in effect at the time Smith committed both his 1988 and 1990 burglaries did not contain the dwelling element required to classify the crimes as person felonies. See K.S.A. 21-3715 (Ensley 1988); K.S.A. 1989 Supp. 21-3715. Under the legal principles set forth in *Dickey I*, the sentencing court violated Smith's constitutional rights by finding that the burglaries at issue involved a dwelling. As a result, the sentencing court erroneously misclassified those prior burglaries as person felonies for purposes of calculating Smith's criminal history score, which resulted in an illegal sentence that did not comply with the applicable statutory provision regarding the term of punishment authorized.

Reversed and remanded with directions for the district court to reclassify Smith's 1988 and 1990 burglary convictions as nonperson felonies for criminal history purposes and resentence Smith based on the correct criminal history score.