NOT DESIGNATED FOR PUBLICATION

No. 119,032

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADLEY CLAYTON WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed March 1, 2019. Sentence vacated and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

LEBEN, J.: Bradley Walker appeals the sentence imposed for his conviction for aggravated battery. Presumptive sentences for most Kansas crimes are based on the extent of a defendant's past crimes—summarized in a criminal-history score ranging from A, the most serious, to I, the least serious. Walker argues that he got a longer sentence than he should have because the district court mistakenly calculated his criminal-history score when it treated his Arkansas burglary convictions as prior person crimes.

A Kansas burglary counts as a person offense, as does an out-of-state burglary conviction that's comparable to what Kansas statutes define as burglary. Walker argues

that the Arkansas burglary convictions can't be counted as person crimes because the Arkansas burglary statute is broader than the Kansas one and thus not comparable. We agree, which requires that we vacate his aggravated-battery sentence and remand for resentencing with a corrected criminal-history score.

FACTUAL AND PROCEDURAL BACKGROUND

We need only briefly set the stage because the issue on appeal is a narrow one. Walker pleaded guilty to one count of aggravated battery (a level-4 person felony) and one count of robbery (a level-5 person felony)—offenses committed in January 2016.

Before sentencing, a presentence investigation looks to see what the defendant's past offenses have been so that the court can determine the defendant's criminal-history score. That score is then used to determine the presumptive prison sentence. After the report is prepared, the defendant has the chance to challenge its accuracy.

The most important past convictions are ones for person felonies. With a single person felony, a defendant moves into category D; with two, the defendant is in category B, the second-worst score among nine levels. Walker's report showed two person-felony convictions for residential burglaries in Arkansas from 2002.

Walker objected to the classification of two prior burglary convictions from Arkansas as person felonies. If they were characterized as nonperson felonies, Walker would have dropped into criminal-history category E, a category that applies when the defendant has had at least three nonperson-felony offenses. In addition to the two burglaries from 2002, Walker had several nonperson felonies from Arkansas, including theft, commercial burglary, and being a felon in possession of a firearm in 2010. Walker agrees that he would be in the criminal-history E category if the 2002 burglaries are considered nonperson offenses.

2

The district court overruled Walker's objections and found that the burglary convictions were properly classified as person felonies. That gave Walker a criminal-history score of B. That score is used only for sentencing a defendant on the most-serious charge, though; for all but the most-serious offense, Kansas law provides that the lowest criminal-history score, I, be used to calculate the guidelines sentence.

Based on the guidelines sentences that applied to an aggravated-battery conviction and criminal-history-score B, the court sentenced Walker to prison for 154 months for that offense. The court sentenced Walker to serve 32 months in prison for robbery, but the court made the sentences concurrent, meaning they are served together, so the total sentence is 154 months.

Walker then appealed to our court.

ANALYSIS

The key dispute here is whether Walker's criminal-history score should be B, as the district court concluded, or E, as Walker argues. The difference is significant in determining Walker's presumptive sentence. See K.S.A. 2018 Supp. 21-6804(a). We review the proper classification of a defendant's convictions under the guidelines independently, with no required deference to the district court. See *State v. O'Connor*, 299 Kan. 819, 822, 326 P.3d 1064 (2014).

Under the Kansas Sentencing Guidelines Act, a defendant's sentence is based on the severity of the current offense and the defendant's criminal-history score. See K.S.A. 2018 Supp. 21-6804(a), K.S.A. 2018 Supp. 21-6805(a). The severity level of the current offense is set by statute. Those levels for nondrug offenses range from level 1, the most serious, to level 10, the least-serious felonies. Walker's aggravated-battery offense is at level 4; his robbery conviction was level 5. The criminal-history score is based on the

3

defendant's prior convictions, including those from other states. See K.S.A. 2018 Supp. 21-6809; K.S.A. 2018 Supp. 21-6811(e).

Based on a defendant's criminal-history score and the severity level of his offenses, the guidelines provide three sentence lengths that the sentencing judge could choose from—a mitigated (or shorter) sentence, a standard sentence, and an aggravated (or longer) sentence. In Walker's case, the three available sentences for his most-serious offense, aggravated battery, were 144, 154, or 162 months in prison with a criminal-history-score of B. But with a criminal-history score of E, the choices would have been 57, 60, or 64 months in prison.

As we have noted, the sentence for felonies other than the most-serious one get calculated using a criminal-history score of I. K.S.A. 2018 Supp. 21-6819(b)(5). That made the presumptive sentences for the robbery conviction 31, 32, or 34 months. And those numbers aren't challenged on appeal.

With that background about the importance of the dispute about Walker's criminal-history score, we move on to how the district court decides how to characterize a past conviction. First, the district court determines whether the prior conviction should be classified as a felony or a misdemeanor. K.S.A. 2018 Supp. 21-6811(e)(2). There's no dispute about whether Walker's 2002 Arkansas convictions were felonies under Ark. Code Ann. § 5-39-201 (2015), so the next step is to classify the defendant's out-of-state conviction as a person or nonperson offense. To do this, the district court compares the out-of-state offense to a comparable one in effect in Kansas on the date the defendant committed the current crime of conviction. K.S.A. 2018 Supp. 21-6811(e)(3). If there's no comparable offense in Kansas, the conviction must be classified as a nonperson crime. K.S.A. 2018 Supp. 21-6811(e)(3).

When it ruled, the district court had several decisions from our court to rely on that had interpreted "comparable" Kansas offenses as those prohibiting similar conduct as the out-of-state offense—we had held that the elements of both crimes didn't have to be identical. See, e.g., *State v. Moore*, 52 Kan. App. 2d 799, 813-14, 377 P.3d 1162 (2016), *rev'd* 307 Kan. 599, 412 P.3d 965 (2018); *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014); *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010). But the Kansas Supreme Court ruled after Walker had been sentenced that "[f]or an out-of-state conviction to be comparable to an offense [in Kansas], . . . the elements of the out-of-state crime must be identical to, or narrower than, the elements of the [comparable] Kansas crime . . . ." *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018).

If we apply *Wetrich*, Walker is correct that the district court should have scored the Arkansas convictions as nonperson offenses. Under the Arkansas statute, a person commits either residential or commercial burglary "if he or she enters or remains unlawfully in a [residential or commercial] occupiable structure of another person *with the purpose of committing* in the [residential or commercial] occupiable structure *any offense punishable by imprisonment*." (Emphasis added.) Ark. Code Ann. § 5-39-201 (2015). A person may be imprisoned in Arkansas for committing a variety of misdemeanors or felonies. See Ark. Code Ann. § 5-1-107 (2015). So entering another person's building to commit a variety of offenses would qualify in Arkansas as a burglary. In Kansas, on the other hand, the intent part of the definition of burglary was more limited—the intent had to be to commit a felony, a theft, or a sexually motivated crime there. K.S.A. 2014 Supp. 21-5807. This means the Arkansas statute was broader than the Kansas burglary statute.

The State argues that *Wetrich* does not apply because of a 2017 amendment to K.S.A. 2018 Supp. 22-3504(3) that states: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." The State says the Supreme Court's ruling in *Wetrich* was a change in the law after Walker's sentencing, so the new identical-or-narrower-than rule doesn't apply to Walker's sentence. But the *Wetrich* court did

not change the law. Instead, it simply interpreted the meaning of "comparable offense" in an existing Kansas statute, K.S.A. 2018 Supp. 21-6811: "We can resolve the issue presented here on the basis of statutory interpretation [of K.S.A. 2018 Supp. 21-6811]." *Wetrich*, 307 Kan. at 558. The statute didn't change, and the *Wetrich* court simply interpreted it. See *State v. Thomas*, 53 Kan. App. 2d 15, 24, 383 P.3d 152 (2016), *rev. denied* 306 Kan. 1330 (2017); *State v. Smith*, No. 117,237, 2018 WL 2271412, at *4 (Kan. App. 2018) (unpublished opinion). We must apply *Wetrich* and conclude that the trial court erred when it classified Walker's Arkansas burglary convictions as person offenses.

In sum, the elements of the Arkansas burglary statute are broader than the elements of the Kansas crime, so the Kansas and Arkansas burglary offenses aren't comparable. See *Wetrich*, 307 Kan. 552, Syl. ¶ 3 ("[T]he elements of the out-of-state crime cannot be broader than the elements of the Kansas crime."). That means that Walker's criminal-history score should have been E, not B. His sentence on the aggravated-battery conviction must be set aside; the remainder of the sentence given to him is not affected by the error. See *State v. Jamerson*, 309 Kan. 211, Syl. ¶ 4, 433 P.3d 698 (2019).

We vacate Walker's sentence on the aggravated-battery conviction and remand the case for resentencing on that conviction.